```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHAEL McKENNA,                  :     CIVIL ACTION
WILLIAM McKENNA, and              :
RAYMOND CARNATION                 :
                                  :
         v.                       :
                                  :
CITY OF PHILADELPHIA              :     NOS. 98-5835, 99-1163



                            MEMORANDUM

McLaughlin, J.                                     July 24, 2009
```

The plaintiffs in this Title VII civil rights suit, Michael McKenna, William McKenna, and Raymond Carnation, have moved for an award of pre-judgment interest, post-judgment interest, and delay damages on the awards of compensatory damages and back pay in this case. Each of the three plaintiffs was awarded compensatory damages in an amount in excess of Title VII's statutory cap in a jury verdict entered May 14, 2008. In a subsequent Memorandum and Order, this Court has ruled that the jury award will be capped at the statutory amount of $300,000 for each plaintiff. After an evidentiary hearing, the Court awarded plaintiff Raymond Carnation back pay in the amount of $208,781.

For the reasons set out below, the Court will award plaintiff Raymond Carnation pre-judgment interest on his back pay award in the amount of $46,560. The Court will deny the plaintiffs' request for delay damages and for pre-judgment

interest on their compensatory damage awards.  The Court will deny the plaintiffs' request for post-judgment interest without prejudice as premature.

I.  <u>Delay Damages</u>

The plaintiffs have requested that they be awarded "delay damages" in the amount of 10% of the amount of the compensatory damages that they have been awarded.  They state that they are entitled to delay damages, "[g]iven that there was no offer by the City to settle within one year[ ] of the litigation commencement date."  Plaintiffs' Petitions to Fix Costs at ¶ 19.  The plaintiffs do not explain the statutory basis for their request of delay damages, but they appear to be relying on Pennsylvania Rule of Civil Procedure 238, which allows exactly the type of award the plaintiffs seek.

Pennsylvania Rule of Civil Procedure 238 allows for an award of delay damages in cases involving death, bodily injury and property damages.  Rule 238 authorizes a court to award a prevailing plaintiff an amount on his or her damages calculated as the prime rate of interest for a period beginning one year after the suit is filed up to the date of verdict or decision, but excluding any time after a defendant makes a settlement offer if the eventual verdict is no greater than 125% of the offer. Pa. R. Civ. P. 238.

Delay damages under Pennsylvania Rule 238 are not available for causes of action, like the plaintiffs' Title VII claims here, that arise under federal law. Savarese v. Agriss, 883 F.2d 1194, 1207 (3d Cir. 1989). Where a plaintiff's claim is "predicated upon a violation of a federal statute, state substantive law, particularly Pennsylvania Rule of Civil Procedure 238, is not implicated." Id. (internal quotation and citation omitted). The plaintiffs have cited no federal authority for their request for delay damages, and the Court declines to award such damages.

II. Post-Judgment Interest

The plaintiffs have requested post-judgment interest on their compensatory damage award for the period from the May 14, 2008, jury verdict in this case to the present and continuing until the judgment is satisfied. Plaintiffs' Petitions to Fix Costs at ¶¶ 11-12, 17.

Post-judgment interest is set by federal statute: 28 U.S.C. § 1961. The statute provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" in an amount that is to be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by

the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." § 1961(a).

The statutory language makes clear that post-judgment interest begins to accrue only "from the date of the entry of judgment." Here, the Court has not yet entered judgment on the plaintiffs' claims and post-judgment interest has not yet begun to accrue. As the defendant has conceded, once judgment is entered, post-judgment interest will begin to accrue under § 1961 until that judgment is paid, subject to the judgment being reversed or reduced on appeal or post-judgment motions. The Court will therefore deny the plaintiffs' request for post-judgment interest for the period from the May 14, 2008, jury verdict to the present because that time period is pre-judgment. The Court will deny without prejudice the plaintiffs' request for post-judgment interest for the future period between the entry of judgment and the satisfaction of that judgment.

III. Pre-Judgment Interest

An award of pre-judgment interest in a Title VII case is committed to the discretion of the trial court. Robinson v. S.E. Pa. Transp. Auth., 982 F.2d 892, 898 (3d Cir. 1993). The plaintiffs have requested that pre-judgment interest be awarded on both the compensatory award to all three plaintiffs and the

back pay award to plaintiff Raymond Carnation.  The Court will award pre-judgment interest only on the award of back pay.

      A    <u>Interest on the Compensatory Damage Award</u>

An award of pre-judgment interest generally "serves to compensate a plaintiff for the loss of the use of money" that the plaintiff would otherwise have received absent the defendant's wrongdoing.  <u>Booker v. Taylor Milk Co., Inc.</u>, 64 F.3d 860, 868 (3d Cir. 1995).  Courts in this circuit have therefore consistently granted pre-judgment interest only on damage awards for economic losses, such as back pay, and have declined to award pre-judgment interest on awards compensating for non-pecuniary losses, such as awards for pain and suffering and emotional distress.  <u>See, e.g.</u>, <u>Marthers v. Gonzales</u>, 2008 WL 3539961 (E.D. Pa. Aug. 13, 2008) (declining to award pre-judgment interest on Title VII compensatory damage award); <u>Robinson v. Fetterman</u>, 387 F. Supp.2d 483, 485 (E.D. Pa. 2005) (finding that court's discretion to award pre-judgment nonetheless did not allow interest to be awarded on "that portion of the verdict or finding which compensates for pain and suffering or other non-economic loss"); <u>Rush v. Scott Specialty Gases, Inc.</u>, 940 F. Supp. 814, 817 (E.D. Pa. 1996) (finding pre-judgment interest could not be

awarded for "punitive, pain and suffering, and future damages" in a Title VII case) (collecting cases).[1]

The now-capped jury verdict in this case awarded compensatory damages for the plaintiffs' non-pecuniary losses, including pain and suffering and emotional distress. This award represents the jury's assessment as of the date of the verdict of the monetary value of the suffering the plaintiffs incurred from the defendant's conduct. It does not represent an amount of money that the plaintiffs would otherwise have received had there been no wrongdoing by the defendant. The Court therefore finds that an award of pre-judgment interest on the plaintiffs' jury award to be inappropriate.

B.  Interest on the Award of Back Pay

Pre-judgment interest on an award of back pay is authorized by Title VII and has "now-universal acceptance." Eshelman v. Agere Sys., Inc., 554 F.3d 426, 442 (3d Cir. 2009). In upholding an award of pre-judgment interest on a Title VII

---

[1] C.f. Poleto v. Consolidated Rail Corp., 826 F.2d 1270, 1278 n.14 (3d Cir. 1987) ("Not all portions of a verdict are economic in character, and only the sum that represents past economic loss is properly adjusted to present value through an interest calculation. Non-economic awards, such as pain and suffering o[r] punitive damages, do not compensate for market-induced harms, so they do not require the adjustment for the time the successful plaintiff's money was out of the market which pre[-]judgment interest provides.") (dicta), abrogated on other grounds by, Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 832 (1990).

back pay award, the United States Court of Appeals for the Third Circuit has said that to fulfill the "make whole" purpose of Title VII, there should be a "strong presumption in favor of awarding pre[-]judgment interest" on back pay "except where the award would result in 'unusual inequities.'" The defendant argues that pre-judgment interest should not be awarded on plaintiff Raymond Carnation's back pay award because the plaintiffs have allegedly caused significant delay in this case by filing allegedly duplicative, repetitive, and unfounded motions and by allegedly delaying discovery. Whatever the merits of the defendant's argument regarding particular individual motions or discovery responses, the Court does not find that this conduct, taken as a whole, is sufficient to rebut the general presumption in favor of pre-judgment interest on an award of back pay.

    C.   <u>Calculation of an Award of Pre-Judgment Interest</u>

The method of calculating pre-judgment interest on a back pay award is left to the discretion of the trial court. <u>Taxman v. Bd. of Ed. of Tp. of Piscataway</u>, 91 F.3d 1547, 1566 (3d Cir. 1996). In the exercise of that discretion, a district court may calculate an award of pre-judgment interest using the method set out in 28 U.S.C. § 1961 for awarding post-judgment interest, although it is not required to do so. <u>Id.</u> (citations

omitted). The plaintiffs have requested that the Court apply § 1961 in determining the amount of any pre-judgment interest award. The defendant has not offered an alternative method for calculating pre-judgment interest or disputed that § 1961 should be used to calculate such an award.

The defendant contends that the Court cannot award pre-judgment interest because the plaintiffs have not presented expert testimony to supply the required methodology and calculations, citing Donlin v. Philips Lighting N.A. Corp., 564 F.3d 207, 216-17 (3d Cir. 2009). Donlin held that a district court erred when it relied on lay testimony by the plaintiff in calculating front pay because the plaintiff lacked the expertise and specialized knowledge necessary to be allowed to testify about her expected future earnings. Donlin involved the prediction and valuation of future events. Calculating pre-judgment interest on Raymond Carnation's back pay award only requires applying the statutory rates of interest in § 1961 to the amount of back pay previously awarded to Carnation. Unlike the issues in Donlin, it requires only arithmetic, not economic forecasting, and does not require expert testimony.

District courts in this circuit have often used 28 U.S.C. § 1961 to calculate pre-judgment interest on awards of back pay. See e.g., Parexel Int'l Corp. v. Feliciano, 2008 WL 5467609 (E.D. Pa. Dec. 4, 2008) (wrongful discharge in violation

of Sarbanes-Oxley Act); Loesch v. City of Philadelphia, 2008 WL 2557429 (E.D. Pa. June 25, 2008) (Title VII); Tomasso v. Boeing Co., 2007 WL 2753171 (E.D. Pa. Sept. 21, 2007); O'Neill v. Sears, Roebuck & Co., 108 F. Supp.2d 443, 445 (E.D. Pa. 2000) (ADEA); Young v. Lukens Steel Co., 881 F. Supp. 962, 977-78 (E.D. Pa. 1994) (ADEA).

Section 1961 states that "[post-judgment] interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment."  Historical data for this weekly average is available from the Federal Reserve Statistical Release H.15.[2]

In adapting § 1961 to an award of pre-judgment interest on back pay, courts in this district have usually applied the rate of interest given in the statute to "'the amount the plaintiff would have earned each year before the verdict plus interest and salary the plaintiff would have earned in all of the preceding years (i.e. compounded), instead of interest on the whole award annually.'"  O'Neill, 108 F. Supp.2d at 446 (quoting Young, 881 F. Supp. at 978); see also Parexel, 2008 WL 5467609 at *2-3; Loesch, 2008 WL 2557429 at *9; Tomasso, 2007 WL 2753171 at

---

[2] Available at: http://www.federalreserve.gov/releases/h15/data/Weekly_Friday/H15_TCMNOM_Y1.txt

9

\*1-2.  This recognizes that a back pay award represents the amounts that a plaintiff would have earned incrementally over time, had there been no discrimination, as compared to an entry of judgment entitled to post-judgment interest, in which the entire amount of the judgment accrues at one time.  In choosing an interest rate to apply to these amounts, these courts have applied the interest rate given in § 1961 for the last day of each year in which pre-judgment interest is to be awarded.  See Parexel, 2008 WL 5467609 at \*2-3; Loesch, 2008 WL 2557429 at \*9; Tomasso, 2007 WL 2753171 at \*1-2; O'Neill, 108 F. Supp.2d at 446.

To calculate pre-judgment interest in accordance with these precepts, the Court will first break down by year its $208,781 award of back pay to Raymond Carnation, described in its previous Memorandum of July 7, 2009.  This break down is shown in the following chart:

| Year | Salary, Pension, and Benefits for Year | Set-off for Wages Earned that Year | Set-off for 80% of Worker's Compensation | Back Pay for Calendar Year |
|---|---|---|---|---|
| 1999 | $57,270 | $17,160[3] | $15,011[4] | $25,099 |
| 2000 | $58,951 | $25,142 | $15,011 | $18,798 |
| 2001 | $60,560 | $3,589 | $15,011 | $41,960 |
| 2002 | $63,535 | $19,742 | $15,011 | $28,782 |
| 2003 | $67,118 | $16,743 | $15,012 | $35,363 |
| 2004 | $70,090 | $20,785 | $15,012 | $34,293 |
| 2005 | $48,347[5] | $13,853 | $10,008 | $24,486 |

---

[3]   The set-off for 1999 wages is reduced by the $1,536 that the Court found Raymond Carnation could have earned in secondary employment at Doubletree.

[4]   Raymond Carnation's worker's compensation payments are set out in a schedule in Defendant's Equity Exhibit 2. According to the stipulation of counsel, Carnation received worker's compensation from 1999 through 2008, but the schedule in Exhibit 2 shows payments beginning July 23, 2003, and running through September 2008. In calculating the set-off for worker's compensation payments, the Court only considered payments received through August 30, 2005, the date when the Court found that Raymond Carnation's right to back pay was cut off. Several of the payments during the relevant period are very large and may represent lump sum payments for years before 2003.
      Because of these lump sum payments, the Court does not believe it would be an accurate reflection of Raymond Carnation's yearly back pay to set off his salary, pension and benefits by the amount of worker's compensation payments that Carnation received in a calendar year. Instead the Court will take the total amount of the set-off it found for Carnation's worker's compensation -- $100,076, representing 80% of the value of the total payments from July 23, 2003, through August 30, 2005 -- and divide this by the eighty months from January 1999 to August 2005, and then use this average monthly payment to calculate the yearly worker's compensation set-off to the back pay award.

[5]   This is a pro-rated amount representing the amount Raymond Carnation could have earned through August 30, 2005.

The Court will then use these yearly back pay figures to calculate the pre-judgment interest using the statutory rates, as set out below:

| Year | Prior Back pay plus interest | Back Pay for the Year | Interest Rate | Interest Earned |
|---|---|---|---|---|
| 1999 | $0 | $25,099 | 5.95% | $1,493 |
| 2000 | $26,592 | $18,798 | 5.34% | $2,424 |
| 2001 | $47,814 | $41,960 | 2.28% | $2,047 |
| 2002 | $91,821 | $28,782 | 1.41% | $1,701 |
| 2003 | $122,304 | $35,363 | 1.28% | $2,018 |
| 2004 | $159,685 | $34,293 | 2.77% | $5,373 |
| 2005 | $199,351 | $24,486 | 4.36% | $9,759 |
| 2006 | $233,596 | $0 | 4.99% | $11,656 |
| 2007 | $245,252 | $0 | 3.42% | $8,388 |
| 2008 | $253,640 | $0 | 0.40% | $1,015 |
| 2009 | $254,655 | $0 | 0.48%[6] | $686[7] |
| | | | TOTAL INTEREST EARNED: | $46,560 |

The Court will award Raymond Carnation pre-judgment interest on his back pay award in the amount of $46,560.

---

[6] The interest rate for 2009 is the rate for the week ending July 17, 2009.

[7] The interest for 2009 is a prorated amount representing interest from January 1, 2009, through July 24, 2009, calculated by taking 0.48% of $254,655 and then dividing the result of $1,222 by 205/365.

An appropriate Order will be entered separately.

13